**17251 MELFORD BOULEVARD
SUITE 200
BOWIE, MARYLAND 20715**
PHONE: 301.352.4950
FAX: 301.352.8691

# DECARO DORAN
## SICILIANO GALLAGHER & DEBLASIS LLP

*Principals*
Jeffrey R. DeCaro *▾
Thomas L. Doran *
Charles E. Gallagher, Jr. *▾
Samuel J. DeBlasis, II *
Christopher R. Dunn *
James S. Liskow *▾

*Partners*
Jeffrey T. Brown *
Anne Marie McGinley *
Jennifer A. King *
Matthew A. Ranck *▾
Erin Hebert Cancienne *
Jennifer L. Rowlett *▾

*Associates*
Gerald W. Ueckermann, Jr. ▾
Emily F. Belanger*
Mark A. Kohl *▾
Debarshi David Das ▲
Matthew J. Gannett
Adam D. Perrelli
Jennifer L. Matzye*
Lauren N. Rutkowski
Lynne J. Kinney *
Jennifer R. Albany *

*Of Counsel*
Alan R. Siciliano
Richard A. Yeagley •
Steven R. Migdal *
Robert S. Morter *

* Also Member of D.C. Bar
▾ Also Member of Virginia Bar
• Member of D.C. and Virginia Bars
▲ Member of Virginia Bar

*Virginia Office*
3930 Walnut Street
Suite 250
Fairfax, Virginia 22030
703.255.6667
Fax: 703.299.8548

*Washington, D.C. Office*
1100 Connecticut Avenue, NW
Suite 950
Washington, D.C. 20036
202.862.5505
Fax: 202.862.5506

E-mail: jdecaro@decarodoran.com

July 2, 2018

**VIA ECF**

Honorable Theodore D. Chuang
United States District Court
for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: <u>Wayne Wolfe v. Michael Johnson, et al.</u>
<u>Case No.:    1:18-cv-01689-TDC</u>

**<u>NOTICE OF INTENTION TO FILE MOTION TO DISMISS COUNTS IV AND
VII OF PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Dear Judge Chuang:

As per the Case Management Order issued in this case on June 12, 2018, please accept this letter as Notice of Intent to File a Motion to Dismiss Counts IV and VII of the Plaintiff's Second Amended Complaint, which I will be filing on behalf of Defendant, Hildebrand Machinery Company, Inc. The legal and factual basis for the motion are as follows:

> The instant suit has been brought by Wayne Wolfe, the Plaintiff, against multiple defendants, alleging various negligence claims and a claim of *respondeat superior* arising out of a motor vehicle collision wherein the Plaintiff allegedly sustained injuries to person and property. The incident occurred when equipment allegedly fell from a flat bed truck, striking the Plaintiff's vehicle. The allegations in the Plaintiff's Complaint have been brought against numerous parties involved in the operation and ownership of the flat bed truck, including the Defendant, Hildebrand Machinery Company, Inc., which the Plaintiff alleges supervised and managed the loading and unloading of the flat bed prior to the incident.



Count IV and Count VII of the Plaintiff's Complaint allege negligence *per se* and violations of the Code of Maryland Regulations ("COMAR") Transportation Article and the Federal Motor Safety Carrier Regulations ("FMSCR"), respectively, against Hildebrand. The allegations contained in Count IV and Count VII fail to state claims upon which relief can be granted, as the Plaintiff misinterprets negligence *per se* doctrine in Maryland. Furthermore, the Plaintiff's allegations in Count IV are based upon statutory provisions that are either misstated or do not exist. As such, Count IV and Count VII of the Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

The Plaintiff's claims contained in Counts IV and VII of the Second Amended Complaint state that the Defendant's alleged violation of the COMAR and the FMSCR, respectively, constitute negligence *per se*. However, the Plaintiff misapplies Maryland law under negligence *per se* doctrine. Although some jurisdictions do hold that motor vehicle cases involving the violation of a statute, regulation or ordinance may give rise to a claim of negligence *per se*, the violation of a statute or regulation does not, of itself, constitute negligence *per se* in Maryland. Norris v. Wolfensberger, 248 Md. 635, 640, 237 A.2d 757, 761 (1968) (citing Kelly v. Huber Baking Company, 145 Md. 321, 125 Atl. 782 (1924) ("[T]he violation of a rule of the road is not negligence per se."). Rather, if the violation of a statute is the proximate cause of an accident, it constitutes *prima facie* evidence of negligence and shifts the burden onto the defendant to justify said violation. Miller v. Mullenix, 227 Md. 229, 233, 176 A.2d 203, 204 (1961).

Count VII of the Plaintiff's Complaint misapplies the negligence *per se* doctrine in Maryland, alleging that the Defendant's violation the Federal Motor Safety Carrier Regulations ("FMSCR") related to cargo securement was negligence *per se*. Count IV of the Plaintiff's Complaint also misapplies negligence *per se* doctrine in Maryland, alleging that the Defendant's violation of the Transportation Article constituted negligence *per se*. Based upon Maryland legal precedent, a violation of these provisions would not constitute negligence *per se* under Maryland law, as Counts IV and VII allege. As such, Counts IV and VII of the Plaintiff's Complaint fail to state a claim upon which relief can be granted.

Aside from the Plaintiff's misinterpretation of negligence *per se* doctrine in Maryland, the Plaintiff's Second Amended Complaint incorrectly cites portions of the Maryland Code of Regulations (COMAR) in Counts IV and VII. First, the language used in the Complaint to reference portions of COMAR is erroneous. The Complaint cites to the Transportation Article, Section 11 and 25. However, COMAR is not broken down into articles and sections. Rather, it is broken down into titles, subtitles, chapters and regulations. Additionally, assuming that by "Transportation Article" the Plaintiff meant Title 11 for the Department of Transportation, the cited subtitles do not appear to apply to the events giving rise to Plaintiff's Complaint. In fact, only one of the two subtitles we assume Plaintiff's Complaint alludes to actually exists. Subtitle 11 ("§ 11" in the Complaint) appears, but it codifies regulations related to Administrative

> Procedures, not the inspection, maintenance, or operation of a vehicle, nor to driver qualifications. As such, even assuming the Plaintiff's Complaint intended to cite to Subtitle 11 of the Department of Transportation Title, the Plaintiff fails to state a claim upon which relief can be granted. As for Subtitle 25, there is no Subtitle 25 under the Department of Transportation Title. As such, Count IV of the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Defendant, Hildebrand Machinery Company, Inc., respectfully requests a briefing scheduling regarding the Motion to Dismiss Counts IV and VII of the Plaintiff's Second Amended Complaint.

Sincerely,


Jeffrey R. DeCaro

JRD/pkm

cc: John J. Leppler, Esquire
    Andrew Stephenson, Esquire
    Ellen R. Stewart, Esquire