

**The B&O Building**
**2 N. Charles Street, Suite 600**
**Baltimore, MD 21201**
**410.752.8700**
**410.752.6868 Fax**
**www.fandpnet.com**

**Ellen R. Stewart**
**Direct: 410-230-2670**
estewart@fandpnet.com
**Admitted in MD and DC**

August 2, 2019

Chief United States Magistrate Judge Beth P. Gesner
United Stated District Court District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re:    *Wolfe, Wayne v. Michael Johnson, et al.*
              Case No. TDC-18-1689

Dear Chief Magistrate Judge Gesner,

      This is a personal injury claim where Plaintiff alleges he suffered a traumatic brain injury that has had a debilitating affect on his ability to function. The individual who spent the most time with the Plaintiff for the first two years after the motor vehicle accident that is the subject of this lawsuit is his ex-girlfriend, Alexis Williamson with whom Plaintiff was living at the time of the occurrence. She is likely to have the most accurate personal knowledge of the nature and extent of his alleged injuries of any individual. Plaintiff admits that he has Ms. Williamson's phone number and despite repeated requests, refuses to produce this information.

      Pursuant to the Federal Rules of Civil Procedure, Plaintiff should be compelled to produce the phone number and address of Alexis Williamson. F.R.C.P. 26(b) allows for broad discovery, including:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit.

      On December 21, 2018, written discovery requests were sent to Plaintiff, which included an Interrogatory from K&S Trucking asking Plaintiff to "identify" all witnesses in support of his contention that he sustained severe and permanent bodily and neurologic injuries as a result of the subject occurrence. The Interrogatories defined "identify" to include identifying the phone number of any responsive persons. Plaintiff's Answers to K&S Trucking' Interrogatories were produced on January 22, 2019, and his answer to the foregoing Interrogatory directed Defendants to his medical records. Michael Johnson's Interrogatories to Plaintiff included Interrogatory No. 3 that requested Plaintiff "state the name and address of any person not otherwise mentioned in

answer to these Interrogatories who has personal knowledge of the facts material to this case." After repeated requests for the outstanding discovery, on or about May 14, 2019, undersigned counsel received Plaintiff's Answers to Michael Johnson's Interrogatories, and his Answer to Interrogatory 3 is "Alexis, Ellen Wolfe, my healthcare providers."

Plaintiff testified at his deposition on January 22, 2019 that at the time of the subject occurrence, he was residing with his girlfriend, Alexis Williamson. He further testified about experiencing frequent headaches "when I was with Alexis." Plaintiff testified at his deposition that he has Ms. Williamson's phone number available to him and that he "could get it." There were no objections raised during Plaintiff's deposition testimony as it relates to Ms. Williamson. On February 4, 2019, undersigned counsel sent a letter to Plaintiff's counsel to follow up on the information requested during Plaintiff's deposition, which included a request for the phone number of Alexis Williamson. Plaintiff's counsel did not respond to this correspondence.

On May 24, 2019, undersigned counsel sent correspondence to Plaintiff's counsel, detailing all of the deficiencies that existed with Plaintiff's discovery responses and again requesting the phone number for Alexis Williamson. After receiving no response, a follow up e-mail was sent to Plaintiff's counsel on May 31, 2019. After still receiving no response, undersigned counsel e-mailed Plaintiff's counsel on June 20, 2019 to request his availability for a discovery conference. Counsel engaged in a discovery conference pursuant to Local Rule 104.7 on June 24, 2019 in attempt to resolve the dispute regarding Plaintiff's deficient discovery responses. During the discovery conference, Plaintiff's counsel indicated for the first time that he was refusing to provide the phone number for Plaintiff's ex-girlfriend, Alexis Williamson, claiming that disclosing the phone number would be prejudicial to Plaintiff.

The contact information of Plaintiff's former live-in girlfriend is relevant to this matter in light of the nature and extent of Plaintiff's alleged injuries. Defendants respectfully request that this Honorable Court compel Plaintiff to produce the phone number and address of Alexis Williamson and further request leave of this Honorable Court to conduct a discovery deposition of Ms. Williamson as soon as her contact information is provided.

Thank you for your time and attention to this matter.

Very truly yours,

*Ellen R. Stewart*

Ellen R. Stewart

CC: Robert E. Joyce, *counsel for Plaintiff*
    Jeffrey R. DeCaro, *counsel for Co-Defendant, Hildebrand Machinery*