# THE LAW OFFICE OF
# BARRY R. GLAZER, LLC

Attorneys at Law
Barry R. Glazer
Roman I. Choma
Peter J. Kochanski
Charles H. Edwards IV
Emily F. Fuller
Robert E. Joyce
Sarah E. Kapusta

Medical-Legal Consultant
Michael E. Vinluan, M.D., J.D.

P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230

Tel: 410-547-8568
Fax: 410-547-0036
Email: office@barryglazer.com
www.barryglazer.com

August 2, 2019

**VIA EMAIL ONLY**

Hon. Beth P. Gesner
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

    Re:    *Wayne Wolfe v. Michael Johnson, et al.*
            Case No.: TDC-18-1689

Dear Judge Gesner:

    Consistent with the Case Management Order Section II (A)(2), and your Order, please consider this correspondence a response in opposition to the Defendant's request for an Order compelling the disclosure of Plaintiff's ex-girlfriend's phone number to the Defendants. The reason for withholding this information is straightforward - allowing Defendants unfettered ex-parte contacts with Plaintiff's ex-girlfriend serves only to antagonize the Plaintiff and cause him annoyance, embarrassment and oppression. It also serves to annoy and antagonize the witness as well in that she is in another relationship at this time.

    Plaintiff seeks a protective Order pursuant to F.R.C.P. 26 (c) which will either prevent contact with Plaintiff's ex-girlfriend by the Defendants or at least allow Plaintiff's counsel to be on the call with the Defendants when they do contact her. Furthermore, the witness could be produced for a deposition if necessary. Counsel for the Plaintiffs just wishes to be present for any discussions with this witness to make sure the line of questioning is appropriate.

Hon. Beth P. Gesner
August 2, 2019
Page 2 of 3

    Pursuant to F.R.C.P. 26 (c) :

    (1) In General. A party or any person from whom discovery is sought may move for a protective order...The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (A) forbidding the disclosure or discovery;

    (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

    (C) prescribing a discovery method other than the one selected by the party seeking discovery;

    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

    (E) designating the persons who may be present while the discovery is conducted;

    (F) requiring that a deposition be sealed and opened only on court order;

    (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

    (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

F.R.C.P. 26 (c). As stated previously, counsel for the Plaintiff simply asks that the witness be left alone or in the alternative to be present for the interview in whatever form the Defendant would like to conduct it.

    Finally, throughout their letter, Defendants attempt to manufacture a discovery dispute here when there is none. The parties conferred on the issue of fact witnesses during a June 24, 2019 conference call and all information, including phone numbers of other fact witnesses, were disclosed at that time except for this witness because of the danger of unfettered ex parte contacts

Hon. Beth P. Gesner
August 2, 2019
Page 3 of 3

with a witness of this type. Plaintiff asks for an Order which will protect Plaintiff and the witness from being antagonized.

Very truly yours,

/s/

Robert E. Joyce

REJ/jk
Enclosures