CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

August 7, 2019

John J. Leppler, Esq.
Robert E. Joyce, Esq.
The Law Office of Barry R. Glazer, LLC
P.O. Box 27166
1010 Light St.
Baltimore, MD 21230

Andrew T. Stephenson, Esq.
Ellen R. Stewart, Esq.
Franklin & Prokopik
2 N. Charles St., Ste. 600
Baltimore, MD 21201

Jeffrey R. DeCaro, Esq.
DeCaro, Doran, Siciliano,
Gallagher & DeBlasis, LLP
17251 Melford Blvd., Ste. 200
Bowie, MD 20715

Subject:   Wolfe v. Johnson, et al.
           Civil No.: TDC-18-1689

Dear Counsel:

I have reviewed defendants Michael Johnson, Phillip Harbourt, Kimberly Staats d/b/a K&S Trucking, and K&S Trucking (collectively, "K&S Trucking defendants'") letter dated August 2, 2019 (ECF No. 60) and plaintiff's letter dated August 2, 2019 (ECF No. 61) regarding a discovery dispute over the contact information of plaintiff's ex-girlfriend, Alexis Williamson.

In their letter, the K&S Trucking defendants note that plaintiff identified Ms. Williamson as a person "who has personal knowledge of the facts material to this case" in an answer to an interrogatory dated May 14, 2019. (ECF No. 60 at 1–2). The K&S Trucking defendants also note that, during his January 22, 2019 deposition, plaintiff testified that, at the time of the motor vehicle accident that is the subject of the lawsuit, he lived with Ms. Williamson. (ECF No. 60 at 2). The K&S Trucking defendants have since requested that plaintiff produce the contact information for Ms. Williamson, although plaintiff has refused to do so. (Id.) The K&S Trucking defendants request that the court order plaintiff to produce this contact information and further request leave of the court to conduct a discovery deposition of Ms. Williamson, as she has relevant information regarding the "nature and extent of [p]laintiff's alleged injuries." (Id.)

In response, plaintiff states that he has withheld Ms. Williamson's phone number because "allowing [d]efendants unfettered ex-parte contacts with [p]laintiff's ex-girlfriend serves only to antagonize the [p]laintiff and cause him annoyance, embarrassment, and oppression." (ECF No. 61 at 1). Plaintiff also states that "[i]t also serves to annoy and antagonize the witness as well in that she is in another relationship at this time." (Id.) Accordingly, plaintiff requests that the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) to either prevent contact with Ms. Williamson or allow plaintiff's counsel to be on the call when defendants contact Ms.

Williamson.  (Id.)  Plaintiff also notes that Ms. Williamson could be produced for a deposition, if necessary, but that plaintiff's counsel merely wishes to be present for any discussions with Ms. Williamson "to make sure the line of questioning is appropriate."  (Id.)

As noted by the K&S Trucking defendants, it is clear that Ms. Williamson does have relevant information regarding plaintiff's alleged injuries resulting from the motor vehicle accident at issue.  Accordingly, plaintiff is ordered to provide the K&S Trucking defendants with Ms. Williamson's phone number and address for the limited purpose of scheduling a deposition and serving Ms. Williamson with notice of that deposition.  When contacting Ms. Williamson, I trust that defense counsel, as officers of the court, will not engage in the type of conduct that plaintiff is concerned about.

I also note that the discovery deadline was previously extended until August 30, 2019, for the limited purposes detailed in my July 29, 2019 letter order.  (ECF No. 59 at 2).  After Ms. Williamson's deposition is scheduled, please advise the court if a further extension is required for the purpose of taking this deposition.[1]

Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge

---

[1] Should a further extension be required, please also advise whether the parties would like to extend the September 16, 2019 deadline to file a notice of intent to file a pretrial dispositive motion.  (ECF No. 59 at 2).