UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE WOLFE | * | |
| *Plaintiff*, | * | |
| Vs. | * | Civil Action No.: 1:18-cv-1689-TDC |
| MICHAEL JOHNSON, et al. | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO THE PLAINTIFF'S FORMER ATTORNEY'S MOTION FOR ATTORNEY'S FEES AND COSTS AND <u>REQUEST FOR HEARING</u>**

Plaintiff Wayne Wolfe, by and through his attorneys, John J. Leppler, Esq., and the law firm Albers & Associates, LLC, hereby submits this memorandum of law in support of Plaintiff's response in opposition to the Plaintiff's former attorney's motion for attorney's fees and costs and request for hearing, and in support thereof states:

Preliminarily, the Law Office of Barry R. Glazer, LLC and Robert Joyce, Esq. will be collectively referred to hereinafter as "Plaintiff's former attorney", Plaintiff Wayne Wolfe will be referred to hereinafter as "Plaintiff", and Plaintiff's attorney will be referred to hereinafter as "Mr. Leppler".

**I.     BACKGROUND PERTINENT TO THIS MOTION**

1.     From the inception of this case until on or about January 31, 2020, Plaintiff's former attorney represented Plaintiff. Additionally, Plaintiff's former attorney executed a written contract (a contingency fee retainer agreement) with Plaintiff regarding its representation of Plaintiff. *See* the Affidavit of John Leppler, attached as "**Exhibit 1**" (**Exhibit 1** at Paragraphs 2-6).

2. On or about January 24, 2020, Plaintiff's former attorney sent a letter to Plaintiff and notified Plaintiff that Plaintiff's former attorney is voluntarily terminating its representation of Plaintiff for no reason. **Exb 1** at Paragraph 4.[1] Thereafter, on January 31, 2020, Plaintiff's former attorney filed a motion to withdraw, and therein, provided no reason to the Court for why Plaintiff's former attorney is withdrawing and terminating its representation of Plaintiff. **Exb 1** at Paragraph 4; *see also* Plaintiff's former attorney's January 31, 2020 filed motion to withdraw (Dkt. #92), attached as "**Exhibit 2**".

3. On February 3, 2020, Plaintiff retained Mr. Leppler to represent him. **Exb 1** at Paragraph 2. On February 7, 2020, Mr. Leppler filed his notice of entry of appearance of counsel for Plaintiff. On February 21, 2020, Mr. Leppler settled the case for an $100,000 global settlement, and the releases were executed on March 12, 2020.

4. On February 25, 2020, after Mr. Leppler settled the case, Plaintiff emailed Plaintiff's former attorney to confirm that Plaintiff's former attorney was not asserting an attorney's fee lien. *See* Plaintiff's February 25, 2020 email to Plaintiff's former attorney, attached as "**Exhibit 3**". At some time between February 25, 2020 and March 2, 2020, Mr. Leppler had a telephone conversation with Plaintiff's former attorney (Robert Joyce, Esq.), and stated to Mr. Joyce that since Plaintiff's former attorney voluntarily terminated its representation of Plaintiff for no reason and notified the Court of the same, Plaintiff's former attorney is not entitled to an

---

[1] The purported reason Plaintiff's former attorney voluntarily terminated Plaintiff as a client and terminated its representation is because Plaintiff did not want to initially accept an $100,000 global settlement offer, and this purported reason was not stated in the January 24, 2020 dated letter.

attorney's fee and is not entitled to a reimbursement of expenses. Mr. Joyce told Mr. Leppler that he will talk to Barry Glazer, Esq. (the decision maker) and he will let Mr. Leppler know.[2]

5. Presently, there is no agreement regarding the attorney's fees and costs.

## II. THE LAW PERTINENT TO THIS MOTION

**A. *Quantum meruit recovery or "reasonable value of the services rendered" recovery when the attorney voluntarily terminates the client*.**

The Maryland Court of Appeals in *Attorney Grievance Commission v. Korotki*, 318 Md. 646 (1990) stated "… <u>an attorney who, without justification, terminates an agreed undertaking, is not entitled to any fee at all, not even to one based upon the reasonable value of the services already rendered</u>." *Id*. (citing *Houghton v. Clarke*, 80 Cal. 417 22, P. 288 (1889))(emphasis added).

**B. *Maryland Business Occupations & Professions Article § 10-501*.**

Maryland Business Occupations & Professions Article § 10-501. Section 10-501 provides, in pertinent part:

> (a) In general. — Subject to subsection (b) of this section, an attorney at law has a lien on:
>
> (1) a cause of action or proceeding of a client of the attorney at law from the time the cause of action arises or the proceeding begins; and
>
> (2) a settlement, judgment, or award that a client receives as a result of legal services that the attorney at law performs.
>
> (b) <u>Limited fee agreement. — A lien under this section attaches only if, and to the extent that, under a specific agreement between an attorney at law and a</u>

---

[2] On at least two occasions, Mr. Leppler offered Plaintiff's former attorney a 50-50 split of the attorney's fee, and on at least one occasion, Mr. Leppler offered Plaintiff's former attorney to be reimbursed for costs incurred or paid related to its representation of Plaintiff. *See* Mr. Leppler's March 7, 2020 email to Plaintiff's former attorney, attached as "**Exhibit 4**". Additional communications between Mr. Leppler and Plaintiff's former attorney regarding potential resolution of the attorney's fee and costs dispute are collectively attached as "**Exhibit 5**".

<u>client, the client owes the attorney at law a fee or other compensation for legal services that produced the settlement, judgment, or award</u> ...

(d) Execution. — An attorney at law may retain property subject to a lien under this section and bring an action for execution under the lien only in accordance with rules that the Court of Appeals adopts."

*Rhoades v. Sommer, et al.*, 401 Md. 131 (2007)(citing Maryland Business Occupations & Professions Article § 10-501); *Attorney Grievance Commission of Maryland v. Sheridan*, 357 Md. 1 (1999); *Consolidated Construction Services, Inc. et al. v. Simpson, et al.,* 372 Md. 434 (2002); *Khan v. The Law Firm of Paley Rothman* (Maryland Court of Special Appeals No. 3050, September Term, 2018, unreported)(emphasis added).

    1.    *Maryland Rule 2-652 (enforcement of the attorney's lien pursuant to Maryland Business Occupations & Professions Article § 10-501*.

To assert a lien under § 10-501, an attorney must follow the procedures set forth in Md. Rule 2-652(b). The rule states, in pertinent part, as follows:

> "(b) Statutory lien. An attorney who has a lien under Code, Business Occupations and Professions Article, § 10-501, <u>may assert the lien by serving a written notice by certified mail or personal delivery upon the client and upon each person against whom the lien is to be enforced. The notice shall claim the lien, state the attorney's interest in the action,</u> proceeding, settlement, judgment, or award, and inform the client or other person to hold any money payable or property passing to the client relating to the action, proceeding, settlement, judgment, or award.

*Rhoades v. Sommer, et al.*, 401 Md. 131 (2007)(citing Maryland Business Occupations & Professions Article § 10-501, and citing Md. Rule 2-652); *Attorney Grievance Commission of Maryland v. Rand*, 445 Md. 581 (2015)(citing Maryland Business Occupations & Professions Article § 10-501, and citing Md. Rule 2-652); *First Union National Bank of Maryland v. Meyer, Faller, Weisman & Rosenberg, P.C.*, 125 Md. App. 1 (1999)(citing Maryland Business Occupations & Professions Article § 10-501, and citing Md. Rule 2-652)(emphasis added).

    C.    *Written Contract*.

The Maryland Court of Special Appeals in *Mass Transit Administration v. Granite Construction Company*, 57 Md. App. 766 (1984) stated the following:

> Generally, "quantum meruit is not applicable when compensation of the parties is covered by an express written contract." *Standley v. Egbert, 267 A.2d 365, 368 (D.C. 1970) (citation omitted); see also, Wilderness Society v. Cohen, 267 A.2d 820, 822 (D.C. 1970).* The rationale of quasi-contract is that a defendant should not be unjustly enriched by a benefit bestowed upon him by the plaintiff. Thus, the law, when there is no real promise by defendant to pay plaintiff, implies such a promise. See Dobbs, supra, § 4.2. Conversely, where an actual promise to pay does exist, there is no need to imply one. *See Attorney Grievance Commission v. McIntire, 286 Md. 87, 93, 405 A.2d 273 (1979). First Nat'l Bank v. Burton, Parsons & Co., 57 Md. App. 437, 451, 470 A.2d 822 (1984),* states succinctly, "When there is an express contract dealing specifically with the services rendered, quantum meruit is unavailable."...

*Id*.

Moreover, related to communications beyond the terms in a written contract, the Maryland Court of Appeals confirmed in *Calomiris v. Woods*, 353 Md. 425 (1999) stated the following,

> "…Maryland law generally requires giving legal effect to the clear terms of a contract and bars the admission of prior or contemporaneous agreements or negotiations to vary or contradict a written contractual term. *Equitable Trust Co. v. Imbesi, 287 Md. 249, 271-72, 412 A.2d 96, 107 (1980).* Under the parol evidence rule, a written agreement "discharges prior agreements," thereby rendering legally inoperative communications and negotiations leading up to the written contract. *See* RESTATEMENT (SECOND) OF CONTRACTS § 213 (1979). The requirement that courts give legal effect to the unambiguous provisions of a contract and the rule that prohibits the admission of parol evidence for ascertaining the parties' intent provide a necessary legal foundation for the certainty of contracting parties…"

*Id*.

    1.    ***Breach of contract***.

For a breach of contract, a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the

defendant. *RRC Northeast, LLC v. BAA Maryland, Inc*., 413 Md. 638 (2010)(citing *Taylor v. Nationsbank*, N.A., 365 Md. 166 (2001).

### III.   ARGUMENT

**A.    *Plaintiff's former attorney is not entitled to an attorney's fee or Plaintiff's former attorney is not entitled to recover any attorney's fees and is not entitled to recover any reimbursement for costs and/or expenses it incurred under quantum meruit and "reasonable value of the services rendered" theories*.**

Since Plaintiff's former attorney voluntarily terminated Plaintiff as a client for no reason and/or without a justified reason (the only purported reason being that Plaintiff did not want to accept the Defendants' $100,000 global settlement offer), Plaintiff's former attorney is not entitled to an attorney's fees and is not entitled to a reimbursement of costs and/or expenses it incurred or paid. *Attorney Grievance Commission v. Korotki*, 318 Md. 646 (1990)(citing *Houghton v. Clarke*, 80 Cal. 417 22, P. 288 (1889).

**B.    *Plaintiff's former attorney is not entitled to recover any attorney's fees and is not entitled to recover any reimbursement for costs and/or expenses it incurred because Maryland Business Occupations & Professions Article § 10-501 does not apply here*.**

Since Plaintiff's former attorney voluntarily terminated its representation of Plaintiff for no reason and did not fulfill its obligation to Plaintiff under its retainer agreement with Plaintiff, Plaintiff voluntarily severed the retainer agreement and materially breached its contract with Plaintiff, and there is no retainer agreement between Plaintiff's former attorney and Plaintiff in place at the time of the settlement. **Exhibit A**. *See Rhoades v. Sommer, et al*., 401 Md. 131 (2007)(citing Maryland Business Occupations & Professions Article § 10-501). Thus, Maryland Business Occupations & Professions Article § 10-501 does not apply and Plaintiff's former attorney is not entitled to any recovery of an attorney's fee nor entitled to recovery of reimbursement for costs.

1. ***Even if Maryland Business Occupations & Professions Article § 10-501 applies to Plaintiff's former attorney's purported attorney's fee lien, Plaintiff's former attorney did not properly assert the lien under Md. Rule 2-652***.

Assuming *arguendo* Maryland Business Occupations & Professions Article § 10-501 applies here, Plaintiff's former attorney did not properly enforce its purported attorney's fee lien. Although Plaintiff's former attorney's January 24, 2020 voluntary termination of representation letter to Plaintiff by certified mail, the letter does not assert Plaintiff's former attorney's notice of a claim of an attorney's fee lien. **Exhibit A**. Since Plaintiff's former attorney did not properly enforce its purported attorney's fee lien, Plaintiff's former attorney is not entitled to any attorney's fee.

C. ***Plaintiff's former attorney is not entitled to recover any attorney's fees and is not entitled to recover any reimbursement for the costs and/or expenses it incurred because Plaintiff's former attorney materially breached its contract with Plaintiff***.

*First*, given that Plaintiff's former attorney illegally breached its contract with Plaintiff (voluntarily firing Plaintiff as a client for no reason and notified Plaintiff that he will be responsible for costs regarding the outcome of the trial if he proceeds *pro se*), Plaintiff's former attorney is not entitled to recover attorney's fees nor be reimbursed for costs incurred or paid. Plaintiff's former attorney materially breached its written contract with Plaintiff (failing to carry out its representation of Plaintiff) having notified Plaintiff of its intention to withdraw for no reason on January 24, 2020 and then notifying the Court of the same on January 31, 2020 in its motion to withdraw. Thus, Plaintiff's former attorney waived any entitlement to an attorney's fee lien or reimbursement for costs incurred or paid. *Second*, the written contract between Plaintiff and Plaintiff's former attorney (contingency fee retainer agreement) is silent on whether Plaintiff's former attorney has any legal right to an attorney's fee or reimbursement for costs if Plaintiff's former attorney materially breaches the contract and voluntarily terminates its

representation of Plaintiff. **Exb 1**. The terms of the written contract only mention Plaintiff's former attorney's attorney's fee and reimbursement of costs if Plaintiff reaches a resolution during Plaintiff's former attorney's representation. Thus, Plaintiff's former attorney is not entitled to any attorney's fee nor reimbursement of costs incurred or paid.

Moreover, Plaintiff engaged in good faith and fair dealing regarding the issue giving rise to this motion. As noted above, shortly after Plaintiff filed its entry of appearance, Plaintiff offered Plaintiff's former attorney a 50-50 split of the attorney's fee and to have Plaintiff's former attorney reimbursed for costs it incurred or paid.

> D. *Federal Rule of Civil Procedure 68 does not apply here because Plaintiff's former attorney materially breached its contract with Plaintiff by voluntarily terminating its representation of Plaintiff for no reason*.

Plaintiff fully incorporates by reference and as if fully set forth below Section III of this motion.

Plaintiff's former attorney's argument that FRCP Rule 68 applies lacks merit, and specifically and is unsupported by case law. Although the Court has addressed Rule 68 regarding a latter acceptance of initially unaccepted offers or otherwise, the Court have dealt with matters wholly unrelated to the circumstances here; Plaintiff's former attorney had a signed written contract (contingency fee agreement) for its representation of Plaintiff, and then for no reason and/or no justified reason, voluntarily fired Plaintiff as a client and indicated to Plaintiff that if Plaintiff proceeds *pro se* he will potentially bear the trial costs. Thus, Plaintiff's former attorney materially breached its contract with Plaintiff.[3] **Exb 1**.

---

[3] For examples of cases where the Court addressed FRPC 68 that are wholly unrelated to the circumstances here, see the following: *Vinas v. Chase Receivables, Inc.*, Civil Action No. DKC 14-3270 (D. Md. 2015); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners*, LLC, 974 F. Supp.2d 856 (D. Md. 2013); *Gray, et al. v. Kern, et al.*, 143 F.Supp.3d 363 (D. Md. 2016); *Warren v. Rogers v. Sessoms & Rogers*, P.A, 676 F.3d 365 (4th Cir.2012)(citing FRCP 68).

For these reasons, FRCP 68 does not apply here and Plaintiff's former attorney is not entitled to attorney's fees nor reimbursement of costs incurred or paid. Moreover, as noted above, Plaintiff initially offered to reimburse Plaintiff's former counsel for costs incurred or paid.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests for this Honorable Court to: (1) deny Plaintiff's former counsel's motion for attorney's fees and costs; (2) order that Plaintiff's former attorney (the Law Office of Barry R. Glazer, LLC and Robert Joyce, Esq.) is not entitled to any attorney's fee and is not entitled to any reimbursement of expenses and/or costs incurred or paid related to its representation of Plaintiff; and (3) grant Plaintiff any such other relief the Court deems is fair, reasonable and appropriate under the circumstances.

Respectfully submitted,

/s/ *John Leppler*

John J. Leppler, Esq.  #19736
Albers & Associates, LLC
1818 Pot Spring Road, Suite 258
Lutherville-Timonium, Maryland 21093
T: (443) 457-3890
F: (443) 637-7814
E: jleppler@rossalbers.com
*Counsel for the Plaintiff Wayne Wolfe*